## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EVELYN ROMANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 16 C 8099 |
| | ) |
| MARKLUND CHILDREN'S HOME, | ) Judge Rebecca R. Pallmeyer |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Evelyn Romano alleged in this lawsuit that her former employer, Defendant Marklund Children's Home, violated her rights under Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k), by failing to provide workplace accommodations she needed due to pregnancy. After a period of discovery, Marklund made an offer of judgment in Plaintiff's favor on all claims in the amount of $47,500.00 plus "reasonable attorneys' fees and court costs." Plaintiff now petitions the court for an award of attorneys' fees of $96,450.00, plus costs. Defendant acknowledges that Romano is entitled to recover attorneys' fees, but disputes some of the amounts sought. For the reasons explained here, the court grants Romano's motion [53] in part and denies it in part, and directs the parties to prepare a revised statement of Plaintiff's fees.

## DISCUSSION

Title VII provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs." 42 U.S.C. § 2000e–5(k). The purpose for this fee-shifting provision is to protect the ability of persons who claim violations of their civil rights to obtain competent counsel and have effective access to the court system. *City of Riverside v. Rivera*, 477 U.S. 561, 577–78 (1986); *Simpson v. Sheahan*, 104 F.3d 998, 1002 (7th Cir.1997).

A plaintiff who accepts an offer of judgment is the prevailing party for purposes of an award of attorneys' fees. *See Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544 (7th Cir. 1999). To determine the fee to be awarded, the court ordinarily multiplies counsel's hourly rate by the number of hours reasonably devoted to the litigation. The resulting award must be reasonable in light of " 'the relationship between the extent of success and the amount of the fee award.' " *Farrar v. Hobby*, 506 U.S. 103, 115–16 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983)). Time that counsel devotes to litigating unsuccessful claims is compensable if it contributes to the prevailing party's overall success. *Hensley*, 461 U.S. at 435. Thus, research and arguments in support of failed claims are ordinarily compensable, so long as they fall within the same common core of facts as the successful claim. *Jaffee v. Redmond*, 142 F.3d 409, 413-14 (7th Cir. 1998).

In assessing Plaintiff's fee request, the court begins with counsel's hourly rate. Attorney Stacey Vucko, who represented Plaintiff Romano in this litigation, was admitted to practice in 2008 and devotes her practice to public interest and civil rights litigation. (Vucko Decl., Exhibit C to Fee Petition [53-7].) She claims an hourly rate of $300.00. An attorney who, like Vucko, frequently recovers contingent fees, is entitled to support her proposed hourly rate by reference to rates claimed by attorneys of comparable skill experience, as Ms. Vucko has done here. (See Declarations of Brian Graber [employment lawyer admitted in 1999, $450.00]; Bryan Wood [employment lawyer admitted in 1999, $325.00]; and Julie Herrera [civil rights and employment lawyer admitted in 2008, $350.00], Exhibits D, E, and F to Fee Petition [53-7 at 6, 9, 13].) Defendant does not object to this rate (Def.'s Response [56], at 2) and effectively concedes it is reasonable. *People Who Care v. Rockford Bd. of Educ.,* 90 F.3d 1307, 1310 n. 1 (7th Cir. 1996).

Defendant does object, however, to many of the hours for which Plaintiff seeks to recover. Specifically, Marklund argues that Plaintiff is not entitled to recover attorneys for:

- hours expended after Plaintiff accepted an offer of judgment
- time devoted to challenging the denial of Plaintiff's claim for unemployment benefits
- time devoted to litigating a discovery motion on which Plaintiff did not prevail

2

- time devoted to preparing an amended complaint that need not have been filed

- hours devoted to an unsuccessful challenge to dismissal of Plaintiff's claim for intentional infliction of emotional distress

- time devoted to communicating with the client on undisclosed topics

- hours devoted to research, drafting, and reviewing documents, to the extent those activities are not described in detail.

(Def.'s Response [56], at 2.)  The court addresses those objections below.

**1.    Hours After Acceptance of Offer of judgment**

On October 9, 2017, Plaintiff accepted an offer of judgment that, by its terms, provided that "[i]f Plaintiff accepts this offer, reasonable attorneys' fees and court costs shall be calculated through the date of Plaintiff's acceptance."  (Offer of Judgment [46-2].)  When, as in this case, an offer of judgment "unambiguously limits recovery of attorney's fees, courts should honor that limitation." *Stephens v. Cirrincione*, 2012 WL 2872448, at *3 (N.D. Ill. July 11, 2012) citing *Decker v. Transworld Sys., Inc.,* 2009 WL 2916819, at *2 (N.D. Ill. Sept. 1, 2009)).  Plaintiff appears to recognize that this language would presumptively bar recovery of fees for services performed after she accepted the offer, as she argues for application of an exception:  a plaintiff who accepts an offer of judgment that allows for recovery of fees up to the date of acceptance "'cannot recover fees on fees occurring after the agreed upon date, *unless the fees on fees are incurred responding to frivolous arguments.*'"  *Pouncy v. City of Chicago*, No. 15 C 1840, 2017 WL 8205488 (N.D. Ill. Dec. 11, 2017) (Dow, J.), quoting *World Outreach Conference Ctr. v. City of Chicago*, 234 F. Supp. 3d 904, 917–18 (N.D. Ill. 2017) (emphasis supplied).

Not all of Defendant's challenges to the fee petition are meritorious, but the argument that those challenges are frivolous is thin.  Plaintiff notes that the lawyers who represented Defendants devoted more hours to this litigation than Plaintiff's counsel did (Petition for Attorneys' Fees [53-1], at 5), and points to what she deems a baseless suspicion that by collecting a contingency fee from her client, counsel was somehow "double-dipping."  (Plaintiff's Reply [57], at 3.)  Defense

3

counsel's own billed hours are relevant, but not dispositive, of Defendant's individual objections. *See* N.D. Ill. LR 54.3(d)(5) (requiring disclosure of fees incurred by opponent of a fee petition); *Young v. Verizon's Bell Atlantic Cash Balance Plan,* 783 F. Supp. 2d 1031, 1039 (N. D. Ill. 2011) (opposing counsel's bills are "helpful" but not "immutable yardstick" in determining reasonableness of fees requested by prevailing party) (citing *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 543 (10th Cir. 2000)). And, although there appears to be nothing improper about the fee agreement between Plaintiff and her attorney (*see* Plaintiff's Reply [57] at 2), it was not unreasonable for Defendant to question this. Notably, Defendant has not challenged Plaintiff's hourly rate, and raises no challenge to the majority of the time for which she seeks recovery. As the remaining challenges are not "frivolous," Plaintiff is bound by the language of the offer of judgment she accepted, limiting recovery of fees to work performed through October 9, 2017.

### 2. Proceedings before the Illinois Department of Employment Security

Plaintiff is entitled to recover a reasonable hourly rate for all hours devoted to successful litigation of her employment discrimination complaint. Defense counsel is correct that time spent on an unemployment benefits claim is not ordinarily necessary to litigate an employment discrimination case. (Defendant's Response [56], at 5.) When state law claims are closely related to, and litigated as part of, the same case as a federal claim in which fee-shifting is available, the courts recognize that "a plaintiff who obtains excellent results should recover a fully compensatory fee" for work on both state and federal claims. *Murphy v. Smith,* 864 F.3d 583, 586 (7th Cir. 2017). Plaintiff contends counsel's work in the proceedings before the Illinois Department of Employment Security was integral to her success in this case because "Defense counsel cross-examined Plaintiff during the IDES appeal about issues in her federal case, including regarding her job performance and request for accommodations" and then "attempted to use the transcript to impeach plaintiff at her deposition." (Plaintiff's Reply [57,] at 4.)

Plaintiff is indeed entitled to compensation for time spent before the lawsuit is "formally commenced," *Webb v. Bd. of Ed. of Dyer County*, 471 U.S. 234, 243 (1985) and the court has discretion to award fees for time spent in administrative proceedings that are crucial to vindicating the prevailing party's rights. *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 561 (1986). But in *Webb*, the Court concluded that plaintiff, a schoolteacher who successfully challenged the termination of his employment in a § 1983 action, was not entitled to recover attorneys' fees for time his attorney devoted to representing him in administrative proceedings reviewing his termination. The Court pointed out that those administrative proceedings did not have an "integral function" with respect to plaintiff's § 1983 case, despite the fact that "witnesses were examined and opposing arguments considered and refuted in those proceedings," and that "the work was analogous to discovery, investigation, and research that are part of any litigated proceeding." 471 U.S. at 242.

Importantly, *Webb* affirmed the exercise of discretion to deny an award of fees for the administrative proceeding, but does not hold that such an award is never appropriate. The Court pointed out that plaintiff had "made no suggestion below that any discrete portion of the work product from the administrative proceedings" was "necessary to advance the civil rights litigation." *Id.* at 243. Plaintiff here has made such a suggestion when she notes that testimony at the unemployment compensation hearing was useful in preparing for her deposition in this case. The court believes time spent at the IDES hearing itself is compensable. Time devoted to research concerning Plaintiff's eligibility for unemployment benefits, the standard of review for such a decision, and the "good cause" standard, however, is not necessary to advance this litigation. Defendant's objection to the award of fees for IDES time is, thus, generally sustained, and Plaintiff will be directed to reduce the request for fees accordingly.

### 3. Time Devoted to Litigating Sanctions Motion

Defendant objects to Plaintiff's request for compensation for her motion seeking sanctions for purported discovery violations. That motion was unnecessary, in Defendant's view, and the court denied it.

The court agrees that Plaintiff is not entitled to compensation for time devoted to the request for sanctions. It does not appear that Defendant's conduct was sanctionable, and at a hearing on the motion, Plaintiff's counsel asserted that her goal in filing it was to ensure "that, going forward, [Plaintiff] is going to be treated with respect and professionalism and that Defendant is going to be playing by the rules." (Transcript of 6/11/2017 [52], at 2:21-23.) The court, having reviewed the parties' briefs on the motion, replied, "it appears to me that that's exactly what's happened. So the motion is denied." (*Id.* at 2:25-3:1.) To the extent Plaintiff believes it was the filing of the motion that generated Defendant's willingness to "play by the rules," the court suspects that the standard meet-and-confer process required by FED. R. CIV. P. 37(a)(1) (and evidently not honored in this case) would have had the same result. A generous estimate of the time required for that process is three hours. Defendant's objection to the amounts requested for the motion for sanctions is sustained with respect to all but three hours of the time claimed.

### 4. Hours Devoted to Challenging the Motion to Dismiss

Defendant Marklund moved to dismiss the complaint as inadequately pleaded [8]. Plaintiff filed a brief in response [16] in which she argued that her allegations were sufficient to satisfy pleading standards and challenged Defendant's contention that her claim for intentional infliction of emotional distress ("IIED") was preempted by the Illinois Human Rights Act. On that argument, which consumed one page in Plaintiff's seven-page memorandum of law, she was unsuccessful. The court dismissed the IIED claim on the basis that the allegations in support of that claim all related to Ms. Romano's other substantive claims,and did not state an independent cause of

action. (Transcript of 11/16/16 [49], at 4:7-16.) The court agreed with Plaintiff that her allegations were otherwise sufficient.

Defendant Marklund nevertheless objects to recovery of *any* fees for preparation of the response memorandum, and argues that Plaintiff is entitled to recover fees for no more than half of the time devoted to preparation for and appearance before the court for ruling. This objection is overruled. As the Seventh Circuit has explained, a prevailing plaintiff is not entitled to recover fees for the effort of pursuing unsuccessful claims not related to those on which she ultimately prevailed. *Jaffee v. Redmond*, 142 F.3d 409, 413 (7th Cir. 1998) (citing *Hensley*, 461 U.S. at 434-35 for the proposition that "unrelated claims [must] be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim."). When claims are interrelated, however, counsel's time is devoted to the litigation as a whole, making claim-by-claim parsing of time unproductive. Indeed, that the alleged emotional distress was directly *related* to the discrimination claims was precisely the reason that the IIED claim was dismissed. Plaintiff is entitled to recover fees for her efforts in opposing the motion to dismiss, despite the fact that she did not prevail in every respect on that motion.

**5.     Time Devoted to Preparing Amended Complaint**

Plaintiff's fee petition seeks payment for 5.1 hours in preparing an amended complaint. Defendant contends the amended complaint was unnecessary. As noted, in its November 16, 2016 ruling, the court dismissed Count XX of the original complaint, the count in which Plaintiff had asserted her IIED claim. Plaintiff's counsel asked, "Your Honor, just to clarify: Would you like for us to file an amended complaint striking Count XX?" (Transcript of 11/16/16 [49], at 5:11-12.) The court responded by saying that an amended complaint was unnecessary unless Plaintiff wanted to amend her emotional distress allegations to overcome the reasons that claim had been dismissed. (*Id.* at 5:13-19.)

Plaintiff did file an amended complaint, but she did not make amendments to her claim of intentional infliction of emotional distress. Instead, she added language more specifically

7

identifying the forms of relief sought in this lawsuit: a declaration that her rights were violated; compensatory and punitive damages, backpay, and front pay; an order expunging adverse information in her personnel file; and injunctive relief. (Amended Complaint [20-1], at 7, 9, 11, 14, 16, 18, 20, 21-22, 23-24, 25, 26-27, 28-29, 30-31, 32-33, 34-35, 38, 39-40). Some of those requests were asserted in a more general way in her original complaint. (See Complaint [1], ¶¶ 40, 49, 57, 66, 76, 84, 93, 102, 112, 119, 127, 136, 145, 155, 163, 172, 180, 189, 199, 203.) Defendant therefore characterizes these changes as unnecessary and suggests that the court "told [Plaintiff] not to file" an amended complaint. (Def.'s Response [56], at 7.) But the statement that Plaintiff was not required to amend her complaint is not equivalent to an instruction that she not do so, and the court sees no impropriety in the amendments. Amendments to pleadings are commonplace, even where the changes made are, as in this case, comparatively modest. The court concludes that Plaintiff is entitled to attorneys' fees in a similarly modest amount and will reduce the 5.1 hours to 3 hours of attorney time.

**5.    Time for Unspecified Communications with Counsel**

Defendant objects to a variety of the work performed by Plaintiff's counsel as inadequately documented or described. Specifically, Defendant has identified 30 hours of time attributed to communications between Plaintiff and her attorney that Defendant deems "not adequately documented [or] . . . otherwise unintelligible." (Def.'s Response [56], at 10.)

Plaintiff's response to this objection is disappointing. She points out that she worked as a licensed practical nurse and that document review involved "voluminous nurses' notes, patient records, shift schedules and other data which was unique to Plaintiff's field and workplace." (Plaintiff's Reply [57], at 7.) But that explanation merely addresses the need for multiple communications and furnishes only the most general description of the nature of the communications themselves. Plaintiff does not suggest that every communication was privileged, or that disclosure of additional detail would otherwise be improper. Though the court declines

8

Defendant's suggestion that Plaintiff submit her unredacted billing entries for a line-by-line *in camera* inspection, the court concludes that some reduction is warranted.

Defendant contends fees for these communications should be discounted by 50%. (Def.'s Response [56] at 10.)  Indeed, Defendant asserts that counsel's practice of billing time in increments of one-tenth of an hour warrants "an automatic 2/3 reduction." (*Id.,* citing *Pouncy*, 2017 WL 8205488 at *10 (2/3 reduction of time billed for e-mail review in 0.1 hour increment) and *Taylor v. Law Offices of Vincent Peter Cignarale, LLC*, 2011 WL 6102020, at *2 (N.D. Ill. Dec. 5, 2011) (same).)  In the court's experience, however, billing in 0.1 hour increments is in fact preferred over the alternative practice of billing for quarter-hours of time—and even that practice is not *per se* improper, assuming it is counsel's standard practice, accepted by paying clients. *See, e.g., Garcia v. R.J.B. Properties, Inc.*, 756 F. Supp. 2d 911, 918–19 (N.D. Ill. 2010) (collecting cases); *LaSalvia v. City of Evanston,* No. 10 C 3076, 2012 WL 2502703 (N.D. Ill. June 28, 2012) (St. Eve., J.) (billing in quarter-hour increments is not unreasonable); *Harper v. Massanari*, No. 99 C 7393, 2002 WL 1998302, at *1–2 (N.D. Ill. Aug.28, 2002); *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir.1986) (quarter-hour billing increments may be unacceptable in particular circumstances); *compare Blackman v. D.C.*, 59 F. Supp. 2d 37, 44 n.5 (D.D.C. 1999) ("In the future, the Court will not award fees where plaintiffs' counsel has not calculated his time in tenth-hour increments.").  If *Pouncy* and *Taylor* are read as requiring billing in increments even smaller than 0.1 hours, this court disagrees.  The substantial reduction Defendant seeks on this basis is unwarranted.

In the exercise of discretion, the court will reduce the amounts charged for unspecified client communications by 25%.

6.     **Hours Devoted to Purportedly Unnecessary or Inadequately Documented Work**

Finally, Defendant has objected to a host of time entries for work it believes is "excessive/unnecessary" or "inadequately described/vague/compound."  Plaintiff emphasizes that her attorney's claimed fees "are nearly identical to the fees charged by Defendant for its

9

corresponding activity." (Pl.'s Reply [57], at 3-4.) The court agrees with Defendant that the comparison may not be entirely meaningful, as the discovery process likely imposed greater burdens on Defendant. (Def.'s Response [56], at 11.) Defendant's objections to Plaintiff's claimed fees are nevertheless substantially overruled, as set forth below.

      **a.**      **Drafting EEOC charge:** Defendant contends that it should not have been necessary for counsel to devote 1.5 hours to drafting "a standard form pre-printed EEOC charge." (*Id.* at 12.) Plaintiff asserts that her attorney drafts EEOC charges that are tailored to the client's particular circumstances. That assertion is borne out here by Plaintiff's own EEOC charge, a copy of which is attached to Plaintiff's reply memorandum. In addition to the information called for by the pre-printed form, it includes ten detailed paragraphs, one with several sub-parts. (Plaintiff's Reply, Exhibit A [57-1], at 2-3.) The objection is overruled.

      **b.**      **Pre-complaint research/ drafting original complaint:** The request for a total of 25.6 hours of attorney time for this effort is indeed high. But Defendant again refers to the complaint misleadingly as a "standard form." A review of that document [1] and of Plaintiff's billing records supports the request for a total of 25.6 hours of attorney time. Counsel's time entries, which identify the types of claims researched, the possible defenses, the requirement of exhaustion of administrative remedies, jurisdiction and venue, are neither "vague nor inadequately described." (Def.'s Response [56], at 12.) The objection to fees for this activity is overruled.

      **c.**      **Drafting demand letter:** In objecting to the fees requested for this effort, Defendant has not disclosed the time it devoted to corresponding work. The objection to 2.5 hours for this effort is overruled.

      **d.**      **Research regarding damages/review of client documents for Rule 26(a)(1) disclosures:** The request for 6.6 hours of time for this effort is modest, nor does the court agree with Defendant that it was somehow inappropriate for Plaintiff to perform the work "before discovery even commenced." (Def.'s Response [56], at 13.) These objections are overruled.

**e.      Review of e-mail regarding missing verification and privilege log /review of May 24, 2017 ECF entry:** Plaintiff's counsel billed .1 hour (i.e., six minutes) to review of the e-mail and another .1 hour to review of an ECF order. The court disagrees with Defendant's apparent position that she is entitled to no recovery for this effort at all. The objections are overruled.

**f.      Draft Subpoena for evidence deposition:** Plaintiff's counsel's mislabeling of this subpoena (Defendant points out that "there is no such thing as an evidence deposition in federal court" [Def.'s Response [56], at 13]) is insignificant, but as the deposition ultimately did not take place at all, Defendant's objection to this .2 hour entry is sustained.

**g.      Time reviewing document production:** By Defendant's own account, there were 44,000 documents in its production, culled from "various levels of Marklund executives, directors, departments, IT professionals, and employees." (*Id.* at 11.) That review of these documents was also time-consuming is not surprising. The objection to 23.1 hours of attorney time is overruled.

**h.      Time drafting amended 30(b)(6) notice:** The court agrees that a second notice was necessary due to Plaintiff's error in drafting the first one. The objection to a .6 hour entry for this effort is sustained.

**i.      Review/analyze deposition transcripts:** Defendant objects to 12.3 hours requested for this effort and asserts that as reflected in a spreadsheet attached to its response, it does not dispute all of the deposition review time. But the spreadsheet identifies only those entries to which Marklund objects, and does not provide any guidance to the court in determining whether they are indeed excessive. (Spreadsheet, Exhibit 9 to Def.'s Response [56-9], at 5.) The objection to 12.3 hours for this work is overruled.

**j.      Prepare for settlement conference:** Plaintiff's counsel devoted 4 hours to preparation, an amount Marklund believes is excessive. Defendant contends the time descriptions are inadequate, but also complains about Plaintiff's reference to preparation of exhibits. Respectfully, devotion of four hours to preparation for a settlement conference with the

11

court does not appear to be unreasonable. Nor is there anything improper about preparing exhibits for a conference; often a party's claim for damages is more easily comprehended in written form. The objection is overruled.

**k. Review of depositions and draft of a proposed order voluntarily dismissing certain claims:** Plaintiff's counsel devoted 1.6 hours to a good faith determination that certain of her claims should be withdrawn. Defendant's objection to what appears to be conscientious advocacy is overruled.

**l. Research regarding offer of judgment and partial motion for summary judgment on failure to accommodate claims:** Acceptance of Defendant's offer of judgment would end the litigation and had significance for fee recovery as well. It was not unreasonable for Plaintiff to devote substantial time to research on these issues. Defendant urges, however, that the failure-to-accommodate claim had already been analyzed. The court therefore imposes a modest reduction; the 8.1 hours claimed for this effort will be reduced to 6.1 hours.

## CONCLUSION

Plaintiff's motion for an award of attorneys' fees [53] is granted in part and denied in part. The parties are directed, within 21 days, to submit a proposed order consistent with the rulings set forth above.

ENTER:

Date: September 10, 2018

_____
REBECCA R. PALLMEYER
United States District Judge